IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**COREY MANUEL BAINES,**

Petitioner,

v.                                                                      Civil Action No. **3:13CV116**

**HAROLD W. CLARKE,**

Respondent.

## MEMORANDUM OPINION

Corey Manuel Baines, a Virginia state prisoner proceeding *pro se* and *in forma pauperis*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition") challenging his conviction in the Circuit Court for the County of Northampton, Virginia ("Circuit Court") for distribution of a controlled substance–second or subsequent offense. In his § 2254 Petition, Baines argues entitlement to relief based upon the following grounds:

Claim One: (a) Trial counsel was ineffective for failing to investigate all plausible lines of defense. (§ 2254 Pet. 4.)
(b) Counsel should have moved for disclosure of the confidential informant ("CI") because counsel currently represented the CI which amounts to a conflict of interest. (Mem. Supp. § 2254 Pet. 6.)

Claim Two: Trial counsel failed to demand the reliability and credibility of the CI to be substantiated in open court to determine whether probable cause existed for the arrest warrant. (§ 2254 Pet. 5.)

Claim Three: Trial judge exhibited bias when he considered the siring of ten children out of wedlock as relevant to Baines's punishment. (*Id.* at 7.)

Respondent moves to dismiss the § 2254 Petition. Respondent provided Baines with appropriate *Roseboro* notice.[1] (ECF No. 8.) Baines has responded. The matter is ripe for disposition.

---

[1] *See Roseboro v. Garrison*, 528 F.3d 309 (4th Cir. 1975).

## I. PROCEDURAL HISTORY

Following a guilty plea, the Circuit Court convicted Baines of distribution of a controlled substance–second or subsequent offense and sentenced him to an active term of ten years of incarceration. *Commonwealth v. Baines*, No. CR09000103–01, at 1–4 (Va. Cir. Ct. July 6, 2010). Baines appealed this decision to the Court of Appeals of Virginia arguing that the Circuit Court erred in fashioning a sentence. Petition for Appeal at 5, *Baines v. Commonwealth*, No. 1360–10–1 (Va. Ct. App. filed Oct. 13, 2010). The Court of Appeals of Virginia denied the petition for appeal. *Baines v. Commonwealth*, No. 1360–10–1, at 1 (Va. Ct. App. Jan. 19, 2011). The Supreme Court of Virginia refused Baines's subsequent petition for appeal. *Baines v. Commonwealth*, No. 111229, at 1 (Va. Dec. 28, 2011).

Baines filed a petition for a writ of habeas corpus in the Supreme Court of Virginia raising Claims Two, Three and Claim One (a) of the instant § 2254 Petition. Petition for Writ of Habeas Corpus at 4, 7–10, 17–18, *Baines v. Dir. of the Dep't of Corr.*, No. 120473 (Va. filed Mar. 22, 2012).[2] Baines filed an addendum in the Supreme Court of Virginia seeking to add Claim One (b) of the instant § 2254 Petition arguing that counsel operated under a conflict of interest. Motion Pursuant to Code of Virginia [§] 20–121.03 at 1–5, *Baines v. Dir. of the Dep't of Corr.*, No. 120473 (Va. filed May 16, 2012). The Supreme Court of Virginia denied Baines's attempt to amend his petition on June 8, 2012.[3] On October 4, 2012, the Supreme Court of

---

[2] Baines's submissions in the Supreme Court of Virginia lack consistent pagination. Accordingly, the Court labels the pages based on a count of the pages in each document.

[3] This Order was not included in the records provided by the Supreme Court of Virginia. The Court obtains this information from Respondent's Brief in Support of Motion to Dismiss. (Br. Supp. Mot. Dismiss 3.) While Respondent argues that Baines procedurally defaulted Claim One (b) because the Supreme Court of Virginia denied his motion to amend to add the claim, the Court need not rely on the Supreme Court of Virginia's reason for dismissal. In light of *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), and *Trevino v. Thaler*, 133 S. Ct. 1911 (2013), Baines's lack of counsel in his state habeas proceedings may establish cause for the procedural

Virginia dismissed Baines's habeas petition. *Baines v. Dir. of the Dep't of Corr.*, No. 120473, at 1 (Va. Oct. 4, 2012). The Supreme Court of Virginia found, *inter alia*, that Baines defaulted his claim of trial court bias because Baines could have raised, but failed to raise, this claim on direct appeal. *Id.* at 4 (citing *Slayton v. Parrigan*, 205 S.E.2d 680, 682 (Va. 1974)).

## II.  THE APPLICABLE CONSTRAINTS UPON FEDERAL HABEAS CORPUS REVIEW

In order to obtain federal habeas relief, at a minimum, a petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 further circumscribed this Court's authority to grant relief by way of a writ of habeas corpus. Specifically, "[s]tate court factual determinations are presumed to be correct and may be rebutted only by clear and convincing evidence." *Gray v. Branker*, 529 F.3d 220, 228 (4th Cir. 2008) (citing 28 U.S.C. § 2254(e)(1)). Additionally, under 28 U.S.C. § 2254(d), a federal court may not grant a writ of habeas corpus based on any claim that was adjudicated on the merits in state court unless the adjudicated claim:

> **(1)** resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> **(2)** resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The Supreme Court has emphasized that the question "is not whether a federal court believes the state court's determination was incorrect but whether that

---

default of his claim. *Martinez*, 132 S. Ct. at 1320. Given the evident lack of merit of the underlying claim and lack of any citation by Respondent to a decision after *Martinez* where a court has enforced a default under similar circumstances, judicial economy dictates that the court address the merits of Claim One (b). *See Daniels v. Hinkle*, No. 3:11CV675, 2012 WL 2792199, at *1 (E.D. Va. July 9, 2012) (citing *Yeatts v. Angelone*, 166 F.3d 255, 261 (4th Cir. 1999)).

determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) (citing *Williams v. Taylor*, 529 U.S. 362, 410 (2000)).

## III.    PURPORTED BIAS OF THE CIRCUIT COURT

In Claim Three, Baines argues that the Circuit Court exhibited "preconceived bias" against him when it considered during sentencing the fact that Baines had produced ten children out of wedlock. (Mem. Supp. § 2254 Mot. 12–15.)  On direct appeal before the Court of Appeals of Virginia, Baines argued that the "[t]he trial judge used [Baines's] status as related to the number of children he had (ten) and that he had arrearages in child support, as the basis for the sentence given, rather than more relevant factors . . . ." Petition for Appeal at 5, *Baines v. Commonwealth*, No. 1360-10-1 (Va. Ct. App. filed Oct. 13, 2010).  In his § 2254 Petition, Baines states that "Petitioner's Claim [Three] was raised on 'Direct Appeal' in the Court of Appeals of Virginia and in the Supreme Court of Virginia." (Mem. Supp. § 2254 Pet. 13 n.3.) Baines identifies no constitutional violation, and instead challenges the Circuit Court's determination of state law.  The trial court's alleged error provides no basis for federal habeas corpus relief.  *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (citing cases for the proposition that "federal habeas corpus relief does not lie for errors of state law").[4]  Claim Three will be DISMISSED.

---

[4] To the extent Baines attempts to raise a federal due process claim of judicial bias (*see* Reply 6), this claim would be procedurally defaulted and barred from review in this Court. *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). The Supreme Court of Virginia found that Baines procedurally defaulted Claim Three pursuant to the rule in *Slayton v. Parrigan*, 205 S.E.2d 680, 682 (Va. 1974), because Baines could have, but failed to, raise the claim at trial and on direct appeal. *Baines v. Dir. of the Dep't of Corr.*, No. 120473, at 3 (Va. Oct. 4, 2012.) *Slayton* constitutes an adequate and independent state procedural rule when so applied. *See Mu'Min v. Pruett*, 125 F.3d 192, 196–97 (4th Cir. 1997). Baines demonstrates no cause and prejudice to excuse his default or actual innocence, thus, any constitutional claim rooted in the trial court's alleged bias is defaulted.

## IV.    INEFFECTIVE ASSISTANCE OF COUNSEL

### A.    Applicable Law

To demonstrate ineffective assistance of counsel, a convicted defendant must show, first, that counsel's representation was deficient and, second, that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of *Strickland*, the convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). The prejudice component requires a convicted defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. *Id.* at 697.

In the context of a guilty plea, the Supreme Court modified the second prong of *Strickland* to require a showing that "there is a reasonable probability that, but for counsel's errors, [petitioner] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Any assertion by Baines that he would not have pled guilty if he had received better assistance from counsel is not dispositive of the issue. *See United States v. Mora-Gomez*, 875 F. Supp. 1208, 1214 (E.D. Va. 1995). Rather, "[t]his is an objective inquiry and [highly] dependent on the likely outcome of a trial had the defendant not pleaded guilty." *Meyer v. Branker*, 506 F.3d 358, 369 (4th Cir. 2007) (internal citation omitted) (citing *Hill*, 474 U.S. at 59–60). The Court looks to all the facts and circumstances surrounding a petitioner's

plea, including the likelihood of conviction and any potential sentencing benefit to pleading guilty. *See id.* at 369–70. In conducting the foregoing inquiry, the representations of the defendant, his lawyer, and the prosecutor during the plea proceedings, "as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977). Thus, "[a]bsent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy." *Fields v. Att'y Gen. of Md.*, 956 F.2d 1290, 1299 (4th Cir. 1992) (citations omitted).

**B.     Guilty Plea Proceedings and Factual Basis for Plea**

At this point, because Baines's claims of ineffective assistance of counsel stem from counsel's performance prior to and during the plea proceedings, the Court provides a summary of the plea hearing. During the hearing, Baines swore under oath that he fully understood the charge against him, had discussed the charge with counsel, and he understood what the Commonwealth needed to prove to find him guilty. (Feb. 22, 2010 Tr. 3.) Baines agreed that he had sufficient time to discuss any possible defenses with his lawyer and whether or not to plead guilty, and he decided for himself to plead guilty. (Feb. 22, 2010 Tr. 3–4.) Baines agreed that he entered into the guilty plea freely and voluntarily, and because he was in fact guilty of the crime charged. (Feb. 22, 2010 Tr. 4.) Baines also agreed that he understood that by pleading guilty he waived the right to confront and cross-examine his accusers and defend himself. (Feb. 22, 2010 Tr. 4.) Baines stated that he understood that he could be sentenced up to life imprisonment. (Feb. 22, 2010 Tr. 5.) Baines also agreed that he was "entirely satisfied" with the services of his counsel. (Feb. 22, 2010 Tr. 5–6.) The Circuit Court found the plea freely, intelligently, and

6

voluntarily made, and accepted the plea.  (Feb. 22, 2010 Tr. 6.)  As a factual basis for the plea,

the Commonwealth explained

> This episode occurred on March 30th of last year as the indictment reflected.  It's what has come to be sort of a standard video recorded transaction with a confidential informant.  In fact, Mr. Baines was one of those picked up in the sweep around July of last year.
> In this case, two confidential informants met with members of the Eastern Shore Drug Task Force.  They were searched in the usual way to prove that they didn't have any contraband on them.  Cameras were put in place and they were given money.  There was a telephone call made to Mr. Baines to order $40 worth of crack cocaine.  They agreed to meet at a particular location which, in this instance, was near Oyster here in Northampton County.
> They did, in fact, meet.  The transaction was consummated and the whole thing was very nicely recorded on video with a good picture of Mr. Baines.
> The substance was returned to an officer with the task force and then taken to the Division of Forensic Science. . . .  [The certificate of analysis presented to the Court demonstrated that the drugs weighed .480 grams.]
> . . . .
> After he was arrested, which was some months afterwards, Mr. Baines was interviewed.  He admitted that he was sort of a small time cocaine dealer.  Said that he did it to supplement his income . . . I would say, it's fair to characterize Mr. Baines as cooperative with the Eastern Shore Drug Task Force . . . .

(Feb. 22, 2010 Tr. 7–8.)  After the conclusion of proffered evidence, counsel for Baines agreed

that Baines accepted the evidence presented.  (Feb. 22, 2010 Tr. 8.)  The Court found Baines

guilty of one count of distribution of cocaine.  (Feb. 22, 2010 Tr. 10.)

## C.   Claim One (a)–No Unreasonable Application of Law or Determination of Facts

In Claim One (a), Baines argues that counsel "failed to investigate all lines of defense."

(Mem. Supp. § 2254 Pet. 5.)   Instead of providing argument about which lines of defense he

believes counsel should have investigated, he launches into the basis for Claim One (b), that

counsel had a purported conflict.  (*Id.* at 6.)[5]  In rejecting the claim that "counsel failed to

---

[5] Baines seemingly contends that a potential conflict of interest between counsel and the confidential informant would have served as "line of defense" to the charge against him.  Baines fails to demonstrate how a purported conflict would have any impact on the evidence of his guilt.  At most, if an actual conflict existed, counsel would have simply withdrawn from representing

'conduct a reasonable minimum investigation' into petitioner's 'plausible lines' of defense," the Supreme Court of Virginia determined that "petitioner failed to offer a valid reason why he should not be bound by his representation at trial that his counsel's performance was adequate. *Anderson v. Warden*, 222 Va. 511, 516, 281 S.E.2d 885, 888 (1981)." *Baines v. Dir. of the Dep't of Corr.*, No. 120473, at 1 (Va. Oct. 4, 2012). The Court discerns no unreasonable application of the law or an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d)(1)–(2).

During his guilty plea, Baines agreed that he had discussed all possible defenses with his attorney, was entirely satisfied with her representation, and agreed to plead guilty because he was indeed guilty of the charge. (Feb. 22, 2010 Tr. 3–4.) Moreover, Baines provides no argument or factual allegations to support his claim that counsel failed to investigate all defenses. Baines's conclusory allegation provides no basis for habeas relief. *See Bassette v. Thompson*, 915 F.2d 932, 940–41 (4th Cir. 1990). Claim One (a) will be DISMISSED.

### D.  Claims One (b) and Two–No Ineffective Assistance of Counsel

In Claim One (b) Baines contends that counsel represented him despite having a conflict of interest. (Mem. Supp. § 2254 Pet. 6.) He explains that "the crux of the matter, had petitioner's trial attorney . . . motioned the trial court for disclosure of the 'CI' . . . she would have known that the Commonwealth's witness against petitioner, 'CI' Kirby, was a client that she was representing at the same time for a crime similar to that of the petitioner." (*Id.*) Baines claims that "[t]his was in and of itself, an actual conflict of interest." (*Id.*)

To establish ineffective assistance of counsel based on a conflict of interest, Baines "'must establish that an actual conflict of interest adversely affected his counsel's performance.'" *Cannady v. Everett*, No. 3:09cv41, 2010 WL 1169965, at *8 n.15 (quoting *Cuyler v. Sullivan*,

---

Baines. The Court addresses Baines's contention that counsel had a conflict of interest in the next section.

446 U.S. 335, 350 (1980)).  If Baines establishes that his counsel labored under an actual conflict of interest and that counsel's conflict adversely affected counsel's performance, a presumption of prejudice arises.  *See Stephens v. Branker*, 570 F.3d 198, 209 (4th Cir. 2009) (citing *Strickland*, 466 U.S. at 692).

The mere *"possibility* of [a] conflict [of interest] is insufficient to impugn a criminal conviction."  *Cannady*, 2010 WL 1169965, at *8 n.15 (alterations in original) (quoting *Cuyler*, 446 U.S. at 350)).  To demonstrate an actual conflict of interest exists, Baines "'must show that [his] interests diverge[d] [from his attorney's] with respect to a material factual or legal issue or to a course of action.'"  *Stephens*, 570 F.3d at 209 (alterations in original) (quoting *Gilbert v. Moore*, 134 F.3d 642, 652 (4th Cir. 1998)) (some internal quotations marks omitted)).  Additionally, Baines must establish "that the actual conflict of interest compromised his attorney's representation."  *Id.*  "This occurs 'when an attorney takes action for one client that is necessarily adverse to another, or when an attorney fails to take action for one client for fear of injuring another.'"  *Id.* (quoting *Jones v. Polk*, 401 F.3d 257, 267 (4th Cir. 2005)).  The United States Court of Appeals for the Fourth Circuit identified a three-part inquiry for analyzing this second element:

> First, the petitioner must identify a plausible alternative defense strategy or tactic that his defense counsel might have pursued.  Second, the petitioner must show that the alternative strategy or tactic was objectively reasonable under the facts of the case known to the attorney at the time of the attorney's tactical decision.  [To demonstrate objective reasonableness,] the petitioner must show that the alternative strategy or tactic was "clearly suggested by the circumstances."  Finally, the petitioner must establish that the defense counsel's failure to pursue that strategy or tactic was linked to the actual conflict.

*Id.* (quoting *Mickens v. Taylor*, 240 F.3d 348, 361 (4th Cir. 2001)).  As explained below, Baines fails to demonstrate an actual conflict existed or that any alleged potential conflict of interest adversely affected his trial counsel's representation.

Counsel avers that during Baines's criminal proceedings, "[t]he identity of the confidential informant was unknown to me . . . and Mr. Baines did not know who the confidential informant was." Motion to Dismiss Ex. 5, at 1,[6] *Baines v. Dir. of the Dep't of Corr.*, No. 120473 (Va. filed May 24, 2012) ("Carter Aff."). She explains that a "criminal defendant is not entitled to know the identity of the confidential informant during these proceedings, and the police would not disclose the identity of confidential informants to me during my representation of criminal defendants." (*Id.*) Counsel further swears, "I was never contacted by the confidential informant in relation to this case, even after the case was concluded. I was unaware of the identity of the confidential information until I was apprised of the name of the informant by counsel for the Respondent in this habeas proceeding." (*Id.* at 3–4.) Counsel stated that "[a]fter being told the identity of the informant I realized it was a person I had represented in the past in a robbery charge." (*Id.* at 4.)

Baines fails to demonstrate that the potential conflict ripened into an actual conflict. The record reflects that trial counsel was unaware of the identity of the confidential informant and had no idea that she had represented the informant on a robbery charge until after the conclusion of Baines's criminal proceedings. (*Id.* at 3–4.) Second, even if Baines established the existence of an actual conflict, he fails to allege, must less show, a resulting adverse effect on counsel's performance. Assuming without deciding that Baines can satisfy the first two factors of the *Mickens* inquiry, Baines fails to establish the third—a causal connection between counsel's failure to pursue a certain strategy and the actual conflict. Because counsel was unaware that a possible conflict existed, Baines lacks the ability to demonstrate that the possible conflict caused her to not pursue a particular strategy or tactic. *See United States v. Jett*, 18 F. App'x 224, 236

---

[6] Counsel's affidavit lacks pagination. Accordingly, the Court labels the pages based on a count of the pages.

n.2 (4th Cir. 2007) (rejecting claim of conflict of interest when counsel was unaware of conflict at time of trial, and explaining "[e]ven assuming that an actual conflict can exist absent counsel's awareness of the problem, we fail to see . . . how a conflict of counsel of which counsel was unaware could have adversely affected his performance); *Phillips v. Renico*, No. 04–CV–70207–DT, 2005 WL 1030415, at *6 (E.D. Mich. Apr. 29, 2005) (finding petitioner could not demonstrate a causal connection between alleged conflict and counsel's performance when counsel unaware of conflict). Given these circumstances, Baines cannot establish that a conflict of interest adversely affected counsel's representation. Claim One (b) will be DISMISSED.[7]

In Claim Two, Baines argues that trial counsel failed to demand the reliability and credibility of the CI to be substantiated in open court to determine whether probable cause existed for the arrest warrant.[8] Specifically, Baines believes that "the identity of the 'CI'" should have been disclosed "to substantiate whether probable cause existed for the issuance of an arrest warrant against" Baines. (Mem. Supp. § 2254 Pet. 9.) Baines argues that "'CI' Kirby" was forced to serve as a CI under duress because Kirby faced possible criminal charges, thus, he lacked reliability and credibility. (*Id.* at 11–12.)[9] Baines fails to demonstrate deficiency of counsel or resulting prejudice.

---

[7] It remains somewhat unsettling that neither Baines nor counsel perceived the identity of the CI prior to Baines's conviction. Baines fails to suggest that he conveyed the identity of the CI to counsel. It also remains unclear from the record whether counsel viewed the video recording of the drug transaction prior to Baines's conviction. Nonetheless, no affirmative evidence exists in the record to establish that at the time of Baines's guilty plea, counsel recognized that she had previously represented the CI.

[8] Baines included Claim Two here as part of "Ground (A)" of his rambling state habeas petition. *See* Petition for Writ of Habeas Corpus at 7–10, *Baines v. Dir. of the Dep't of Corr.*, No. 120473 (Va. filed Mar. 22, 2012).

[9] Baines attaches an affidavit purportedly executed by the CI, who Baines contends is Keith Kirby, stating that "the events that took place [on March 30, 2009] are in question due to the fact that I had been under the influence for a time not less than 36 hours and was not of sound

First, counsel reasonably eschewed challenging the sufficiency of the arrest warrant based upon the reliability and credibility of the CI and based upon the nondisclosure of the CI's identity. The Commonwealth based their arrest warrant, not only on information provided by the CI, but on a video recording of Baines selling drugs to the CI. (Feb. 22, 2010 Tr. 7.) After the completion of the transaction, the CI then turned the drugs purchased from Baines over to police, and the drugs tested as .480 grams of crack cocaine. (Feb. 22, 2010 Tr. 7–8.) Additionally, when police interviewed Baines after his arrest, he admitted that he sold cocaine to supplement his income. (Feb. 22, 2010 Tr. 8.) Accordingly, Claim Two will be DISMISSED.

## VI.  CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss (ECF No. 5) will be GRANTED. Baines's claims will be DISMISSED and his § 2254 Petition will be DENIED. The action will be DISMISSED.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v.*

---

mind." (Mem. Supp. § 2254 Pet. Exhibit A, at 1.) Kirby then claims that "COREY BAINES did not GIVE or SELL me drugs on the eve of question." (*Id.*) As discussed in this section, Baines fails to demonstrate how Kirby's post-trial statement that despite not being of sound mind, he is certain that Baines did not sell him drugs, demonstrates the deficiency of counsel.

*McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).  Baines fails to meet this standard.   A certificate of appealability will be DENIED.

An appropriate Final Order shall issue.

1/21/14 /s/

John A. Gibney, Jr.
United States District Judge

Date:   1/21/14
Richmond, Virginia

13